

**ORDERED in the Southern District of Florida on July 15, 2022.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

_____

*Tagged Opinion for Publication*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

In re:

Wasiline Jean Giles,

    Debtor.

_____/

Case No. 22-14494-PDR

Chapter 13

## ORDER DENYING EMERGENCY MOTION TO EXTEND
## THE AUTOMATIC STAY AND ORDER TO SHOW CAUSE WHY
## THE COURT SHOULD NOT SUA SPONTE DISMISS THIS CASE

The U.S. Constitution grants Congress the authority "to establish . . . uniform Laws on the subject of Bankruptcies throughout the United States."[1] Pursuant to that authority, Congress has enacted the Bankruptcy Code which attempts to balance two competing policy concerns. On the one hand, bankruptcy aims to give honest debtors a "fresh start"—that is, to "reorder their affairs, make peace with their creditors, and

---

[1] U.S. Const. art. I, § 8, cl. 4.

enjoy 'a new opportunity in life with a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'"[2] On the other hand, the bankruptcy system seeks to maximize creditor return by distributing the debtor's available assets or income to creditors in an orderly, equitable, and efficient fashion.[3] Thus, Congress and the judiciary are constantly striving to achieve a wise balance between these policies.[4]

To maintain that balance, Congress periodically amends the Bankruptcy Code, recently through the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), including 11 U.S.C. § 362(c) which seeks to curtail abuse of the bankruptcy process.[5] Section 362(c) provides that if a debtor has had at least one other pending case within the preceding year that was dismissed, the debtor's new case is subject to a presumption that it was not filed in good faith and the automatic stay either terminates on the 30th day after the petition date or is never invoked.[6]

But what if the circumstances of a case exploit a loophole in § 362(c) and render it inapplicable? That is the question presented here. The Debtor filed a second Chapter 13 case *before* her pending bankruptcy case was dismissed. By doing so, the Debtor circumvented the provisions of § 362(c) that should have, but did not, create

---

[2] *See Grogan v. Garner*, 498 U.S. 279, 286 (1991) (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934)).

[3] *See Hoseman v. Weinschneider*, 322 F.3d 468, 475 (7th Cir. 2003); *Schaffer v. CC Invs., LDC*, 286 F. Supp. 2d 279, 281 (S.D.N.Y. 2003).

[4] *See In re Harding*, 423 B.R. 568, 575 (Bankr. S.D. Fla. 2010).

[5] *See* Pub. L. No. 109–8, § 302.

[6] *See* 11 U.S.C. §§ 362(c)(3) & (4).

a presumption that the case was not filed in good faith. At the same time, however, the Bankruptcy Code neither explicitly prohibits nor permits a debtor from filing a second case during the pendency of an existing one. The Court, therefore, must determine whether the Debtor's second case is an abuse of process and, if so, whether the Court has the inherent authority to act *sua sponte* to prevent that abuse.

## Background

On February 10, 2021, the Debtor filed a voluntary Chapter 13 petition (the "First Case").[7] In the First Case, the Debtor confirmed her plan but on June 2, 2022, the Chapter 13 Trustee filed a notice that the Debtor was delinquent on her plan payments and, if she did not cure the delinquency, the Chapter 13 Trustee would request dismissal.[8] Only six days later, rather than curing or waiting for the First Case to be dismissed, the Debtor filed another Chapter 13 petition (the "Second Case").[9] The following day, the Debtor filed a Motion to Extend the Automatic Stay under 11 U.S.C. § 362(c) seeking to extend the stay beyond July 8, 2022, the date the Debtor assumed the stay would terminate under § 362(c)(3).[10] The Debtor self-calendared the hearing as part of the standard Chapter 13 motion calendar on July 11, 2022, several days after the stay was set to terminate.[11] At the hearing on July 11, 2022, the First Case and Second Case both remained pending.

---

[7] *See In re Giles*, No. 21-11287-PDR (Bankr. S.D. Fla.).

[8] (First Case Docs. 45, 54, & 68).

[9] (Doc. 1).

[10] (Doc. 4).

[11] (Doc. 5).

## Jurisdiction & Venue

The Court's subject matter jurisdiction is derived from 28 U.S.C. § 1334. The Court has statutory authority to hear and determine this proceeding under 28 U.S.C. § 157(a) & (b)(2)(A), and the general order of reference from the United States District Court for the Southern District of Florida. The Court has constitutional authority to enter final orders in this core proceeding. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## Analysis

Under 11 U.S.C. § 362(c)(3), if an individual debtor had another bankruptcy case that "was pending within the preceding 1-year period but was dismissed," the second case "is presumptively not filed in good faith" and the automatic stay terminates 30 days after the petition date in the second case. However, a debtor may continue or extend the automatic stay by rebutting the presumption by "clear and convincing evidence . . . after notice and a hearing completed before the expiration of the 30-day period." *Id.*

The Debtor filed her Motion to Extend the Automatic Stay believing the stay in the Second Case would terminate on July 8, 2022. But the Debtor was wrong. Section 362(c)(3) only causes the automatic stay to terminate if the Debtor had a prior case pending within the preceding year that was *dismissed*. Here, the Debtor's prior case was not dismissed and remains pending.[12] As a result, § 362(c)(3), by its

---

[12] What would happen if the First Case was dismissed after the Second Case was filed? Does § 362(c)(3) apply? If so, what happens if the First Case was dismissed more than 30 days after the Petition Date in the Second Case? The statute does not consider these scenarios, and Congress

unambiguous language, does not apply and the stay has not terminated and need not be extended.[13] Therefore the Motion must be denied as moot.

But this leaves the Court to determine (1) whether the Second Case is appropriate and can proceed, and (2) if it is inappropriate and must be dismissed, whether the Court has the authority to do so *sua sponte*?

### I. The Second Case is inappropriate.

The Bankruptcy Code and Federal Rules of Bankruptcy Procedure neither permit nor prohibit two simultaneous pending voluntary bankruptcy cases concerning the same debtor.[14] The Supreme Court has held for nearly a hundred years that, generally, it is inappropriate for a debtor to have two simultaneously pending cases at the same time. *See Freshman v. Atkins*, 269 U.S. 121, 122–24 (1925). However, the Eleventh Circuit identified at least one exception to that general rule when it held that a debtor who first filed a Chapter 7 case could file a Chapter 13 case

---

certainly did not intend to leave open a statutory loophole that would functionally eviscerate the presumption the second case was filed not in good faith.

[13] Compounding the error of filing the Second case, had § 362(c)(3) applied, the Court would have had to deny the Motion because the Debtor self-calendared the hearing for a date after the expiration of the 30-day period. There is no discretion in the Bankruptcy Code for the Court to extend the automatic stay based on a hearing held after the expiration of the 30 days.

[14] At first glance, Fed. R. Bankr. P. 1015(a) seemingly supports the filing of two simultaneous bankruptcy cases by the same debtor. The rule states "[i]f two or more petitions by, regarding, or against the same debtor are pending in the same court, the court may order consolidation of the cases." However, the Advisory Committee's Notes clarify that the scope of Rule 1015(a) is limited only to "when the debtor is named in both voluntary and involuntary petitions, when husband and wife have filed a joint petition . . ., when two or more involuntary petitions are filed against the same debtor[, and] . . . when cases are pending in the same court by virtue of a transfer of one or more petitions from another court." Courts analyzing Rule 1015(a) have repeatedly determined it does not permit the debtor to file simultaneous bankruptcy petitions. *See, e.g.*, *In re Sorenson*, 575 B.R. 527, 529 (Bankr. D. Colo. 2017). The Court agrees with those cases and finds Rule 1015(a) inapplicable.

to reorganize his debts that survived the Chapter 7 discharge even though the initial Chapter 7 case remained open. *In re Saylors*, 869 F.2d 1434 (11th Cir. 1989).

To refine the application of this principle, bankruptcy courts in this circuit apply the "single estate rule" for the proposition that two cases concerning the same debtor cannot be open simultaneously if they result in the same property becoming an asset of both bankruptcy estates at the same time.[15] *See, e.g.*, *In re Sanchez-Dobazo*, 343 B.R. 742, 744–46 (Bankr. S.D. Fla. 2006). Courts applying the rule in this circuit refuse to institute a *per se* bar on filing a second Chapter 13 case before discharge or dismissal of a prior pending Chapter 13 case because not all circumstances where that occurs present risks of bad faith or abuse. *See id.* at 746. For example, in *In re Mims*, the bankruptcy court permitted the debtor to file a second Chapter 13 case before discharge where, at the time of the filing of the second case, the plan in the first Chapter 13 case had been completed and the Chapter 13 trustee had mailed the final report and accounting. *See id.* (citing *In re Mims*, No. 95 B 00713, 1995 WL 230582 (Bankr. N.D. Ill. Apr. 11, 1995)).

Here, the First Case and Second Case are Chapter 13 cases that involve the same debts, and the estates in both cases would seemingly simultaneously exert control over much, if not all, of the same property, including the Debtor's real property

---

[15] Courts in other circuits apply the standard more strictly than the courts in this circuit. *See, e.g.*, *In re Turner*, 207 B.R. 373, 378 (2d Cir. BAP 1997) (holding that the single estate rule prohibits any overlap at all in bankruptcy estates). However, the courts in this circuit generally interpret *Saylors* as an implicit rejection of this principle and apply the rule only for the proposition that a particular piece of property cannot simultaneously be in multiple bankruptcy estates. *See, e.g.*, *Sanchez-Dobazo*, 343 B.R. at 745 (citing *In re Studio Five Clothing Stores*, 192 B.R. 998, 1006 (Bankr. C.D. Cal. 1996)).

and postpetition income.[16] *See* 11 U.S.C. §§ 541 & 1306. This Second Case violates the single estate rule. The confusion and legal conundrums that may arise under these circumstances are obvious and are the underpinnings of the single estate rule. The Court cannot find any precedent, nor conceive of any argument or set of circumstances, that might suggest it appropriate not to apply the single estate rule here. On this basis alone, the case seemingly must be dismissed.

Though the Court does not find that the Second Case was necessarily filed with bad faith intent, the facts of this case invoke serious risks of abuse of process. Section 362(c) contains two methods of protecting the bankruptcy system from repeated bad faith filings: § 362(c)(3) terminates the automatic stay within 30 days where an individual debtor has had one pervious case pending within the preceding year that was dismissed, and § 362(c)(4) prevents the automatic stay from going into effect in the first instance where an individual debtor has had two or more cases pending within the preceding year that were dismissed. In both scenarios, a debtor can theoretically take advantage of a loophole and circumvent these protections by filing a new case before the previous case has been dismissed. The Court must not endorse such behavior.

By filing the Second Case before the First Case was dismissed, the Debtor— cleverly or luckily—avoided the presumption that the Second Case was not filed in good faith and received the benefit of the automatic stay without the risk it would be terminated in 30 days. Conversely, her creditors lost the benefit of the presumption

---

[16] *See* (First Case Doc. 1, 8, & 31); (Doc. 1 & 11).

of bad faith and, if the Second Case continues in the ordinary course, will be subject to the automatic stay throughout the life of the case without the Debtor having to prove she filed in good faith. In short, permitting this second Chapter 13 case to proceed would permit the Debtor to avoid the guardrails against bad faith filings installed by § 362(c).

The Court finds that the Second Case violates the single estate rule and invokes concerns of bad faith and abuse of process. Consequently, the Second Case cannot proceed and must be dismissed. But how?  Must the Court wait for a party in interest to seek dismissal or may the Court do so *sua sponte*?

II. **The Court can, and likely will, *sua sponte* dismiss the Second Case, but the Court may only do so upon notice and a hearing.**

Under 11 U.S.C. § 105(a), "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." However, this authority is not unlimited. Section 105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code." *Law v. Siegel*, 571 U.S. 415, 421 (2014). Therefore, the Court cannot act under § 105(a) if doing so directly conflicts with other provisions of the Bankruptcy Code. *Id.* (applying "the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere").

Under § 1307(c), "on request of a party in interest or the United States trustee and after notice and a hearing," the Court may, "for cause", dismiss a Chapter 13 case. At first glance, the requirement that dismissal of a Chapter 13 case must be requested by a "party in interest or the United States trustee" prevents the Court

from dismissing *sua sponte*. But § 105(a) clearly states that "[n]o provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." This language was added to the Bankruptcy Code in 1986 in response to a case from the Second Circuit holding that § 1112(b)'s dismissal language prevented bankruptcy courts from *sua sponte* dismissing cases even if the case was filed in bad faith. *See In re Gusam Restaurant Corp.*, 737 F.2d 274 (2d Cir. 1984); *In re Greene*, 127 B.R. 805, 808 (Bankr. N.D. Ohio 1991) (citing Collier Bankr. Code Pamphlet 1990–1991 page 43). In short, Congress enacted this provision of the Bankruptcy Code with exactly this scenario in mind—where there is cause to dismiss for abuse of process, but dismissal generally requires a request by a party in interest. *See, e.g.*, *In re Putsejovsky*, 577 B.R. 671, 676 (Bankr. W.D. Tex. 2017) (*sua sponte* converting a Chapter 13 case to a Chapter 7 based on the debtor's bad faith); *Greene*, 127 B.R. at 808.

Here, the filing of the Second Case before dismissal (1) prevents proscriptions of § 362(c)(3) from being carried out, and (2) constitutes abuse of process. Section 105(a) was enacted specifically to provide the Court with authority to dismiss *sua sponte* in situations like this even though § 1307(c) otherwise requires a request by a party in interest. By *sua sponte* dismissing this case, the Court carries out of the provisions of § 362(c)(3) and ensures that the Debtor (and others that follow) cannot

abuse the process. However, no provision of § 105(a) allows the Court to eschew the Debtor's right to notice and a hearing under § 1307(c) prior to dismissal.

Accordingly, the Court **ORDERS**:

1. The *Emergency Motion to Extend the Automatic Stay* (Doc. 4) is **DENIED AS MOOT**.

2. The Debtor shall appear before Judge Peter D. Russin on **August 4, 2022**, at **10:00 a.m.** at the **United States Bankruptcy Court, 299 East Broward Blvd., Courtroom 301, Fort Lauderdale, FL 33301**, to **SHOW CAUSE** why this case should not be dismissed for the reasons articulated above.

3. If the Debtor chooses the voluntarily dismiss the Second Case, which the Debtor has the right to do at any time under 11 U.S.C. § 1307(a), the Show Cause shall be automatically discharged, and the Show Cause Hearing will be cancelled.

###

*Copies to Haven Del Pino, Esq., who is directed to serve this Order on all interested parties.*